ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| ANTONIO JUSINO RODRÍGUEZ<br><br>Parte Recurrente<br><br>v.<br><br>JUNTA DE RETIRO DEL GOBIERNO DE PUERTO RICO<br><br>Parte Recurrida | KLRA202400069 | *Revisión Administrativa* procedente de la Junta de Retiro del Gobierno de Puerto Rico<br><br>Caso Núm.: 2022-0059<br><br>Sobre: Beneficios por Defunción Lilliam González Ortiz |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Rivera Pérez, Jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de marzo de 2024.

Comparece el Sr. Antonio Jusino Rodríguez (en adelante, Sr. Jusino Rodríguez) y nos solicita la revisión de la *Resolución* emitida el 18 de enero de 2024 y notificada a las partes el 23 de enero de 2024 por la Junta de Retiro del Gobierno de Puerto Rico (en adelante, Junta de Retiro). Mediante este dictamen, la Junta de Retiro confirmó la determinación emitida el 15 de junio de 2023 por el Director Ejecutivo con respecto a la solicitud de beneficios por defunción presentada por el Sr. Jusino Rodríguez.

Por los fundamentos que expondremos, se confirma la *Resolución* recurrida.

**I**

El 3 de junio de 2021, se presentó ante la Junta de Retiro una solicitud sobre *Beneficios por Defunción de Lilliam González Ortiz*, designada como Solicitud No. 992245, mediante la cual los familiares de la Sra. Lilliam González Ortiz solicitaron los

beneficios por muerte de su pensión del Sistema de Retiro para Maestros de Puerto Rico.[1]

El 21 de junio de 2022, el Sr. Jusino Rodríguez, viudo de la Sra. Lilliam González Ortiz, procedió a presentar un escrito de *Apelación* ante la Junta de Retiro.[2] En su escrito, el Sr. Jusino Rodríguez indicó que la Sra. Lilliam González Ortiz fue maestra de física, química y matemáticas en el Departamento de Educación por más de sesenta (60) años; que cotizó para el Sistema de Retiro para Maestros por más de cincuenta y cuatro (54) años; que, a la fecha de efectividad de la Ley Núm. 160-2013, *infra*, tenía derecho a retirarse y recibir una pensión bajo las disposiciones de la derogada Ley Núm. 91 de 29 de marzo de 2004, *infra*, por haber cumplido con los requisitos de años de servicio y edad correspondientes; que decidió mantenerse en el magisterio y posponer su retiro; que se retiró finalmente el 1 de julio de 2019; y que falleció el 3 de mayo de 2021 estando casada con él. En cuanto a su solicitud, alegó que, como cónyuge supérstite de la Sra. Lilliam González Ortiz, tenía derecho a recibir el beneficio por muerte de la mitad de la pensión de retiro que recibía su esposa, conforme a lo dispuesto en el Artículo 4.8(c) de la Ley Núm. 160-2013, *infra*. Argumentó que dicho derecho, reconocido en el Artículo 35 de la derogada Ley Núm. 91 de 29 de marzo de 2004, *infra*, quedó preservado en la Ley Núm. 160-2013, *infra*.

El 22 de junio de 2022, la Junta de Retiro presentó una *Moción de Desestimación por Falta de Jurisdicción*,[3] a la cual se

---

[1] Véase, carta *Re: Beneficio por Muerte – Pensionado Lilliam González Ortiz* con fecha del 20 de julio de 2022 dirigida al Sr. Jusino Rodríguez en la copia certificada del expediente administrativo.

[2] Apéndice del *Alegato en Oposición de la Parte Recurrida*, págs. 34-35 y 36-38.

[3] Apéndice I del recurso de revisión, págs. 1-3. La solicitud se presentó al amparo de lo dispuesto en el Artículo 5, Sección 2 del Reglamento de Procedimiento

opuso el Sr. Jusino Rodríguez mediante una *Oposición a Moción de Desestimación* presentada el 8 de julio de 2022.[4] En síntesis, la Junta de Retiro solicitó la desestimación y archivo del escrito de *Apelación* presentado por el Sr. Jusino Rodríguez por falta de jurisdicción basada en que no existía un dictamen emitido por la agencia con respecto a la solicitud de beneficios por defunción del cual se pudiera recurrir.

El 20 de julio de 2022, se celebró una *Vista Administrativa* ante la Oficial Examinadora de la agencia y, el 29 de julio de 2022, notificada el 16 de agosto de 2022, la Oficina de Asuntos Adjudicativos de la Junta de Retiro emitió una *Resolución*, mediante la cual ordenó el archivo con perjuicio del caso al concluir que, no existiendo un dictamen emitido por el Director Ejecutivo del cual se pudiera recurrir, la presentación de un escrito de apelación resultaba prematura.[5]

Luego de varios trámites procesales, el 15 de junio de 2023, notificada el 20 de junio de 2023, la Directora del Área de Servicios de Retiro emitió finalmente una determinación en respuesta a la Solicitud No. 992245 sobre *Beneficios por Defunción de Lilliam González Ortiz* presentada el 3 de junio de 2021.[6] En la determinación, se citó lo dispuesto en el inciso (c) del Artículo 5.11 de la Ley Núm. 160-2013, *infra*, y se dispuso lo siguiente:

> "Certificamos que el Costo de Anualidad al momento de jubilarse, efectivo al 1 de agosto de 2019, la participante era por $143,619.86 y se realizaron pagos, **en bruto**, de pensión hasta el 31 de mayo de

---

Adjudicativo del Sistema de Retiro para Maestros, Reglamento Núm. 7053, Departamento de Estado, 15 de noviembre de 2005.

[4] Apéndices II y III del recurso de revisión, págs. 4-5 y 6-11. En esa misma fecha, el Sr. Jusino Rodríguez presentó, además, una *Apelación Enmendada*. Apéndice III del recurso de revisión, págs. 6-11. Más adelante, presentó también una *Objeción a Moción de Desestimación*. Apéndice IV del recurso de revisión, págs. 12-13.

[5] Apéndice V del recurso de revisión, págs. 14-21.

[6] Apéndice VIII del recurso de revisión, págs. 33-36.

2021, por $54,994.72. Por lo cual, el Sistema de Retiro quedó por pagar una diferencia de $88,625.14.

De esta cantidad adeudada, no se descontaron deudas por concepto de cobro indebido de pensión ni préstamos descubiertos por el seguro colectivo del Junta de Retiro.

El beneficio se pagó de acuerdo con la Designación de Beneficiarios otorgada el **7 de junio de 2016**. Se generaron los pagos **2897**, **2899**, **2900** y **2901** el 9 de junio de 2023 a las siguientes personas:

a. Sharon L. Meléndez González
b. Lilliam H. Guevara González
c. Evelyn S. Guevara González
d. Raymond L. Guevara
e. Antonio J. Jusino Rodríguez (retenido)
falta certificación cuenta bancaria". (Énfasis en el original).

El 12 de julio de 2023, el Sr. Jusino Rodríguez presentó un *Escrito de Apelación.*[7] En síntesis, el Sr. Jusino Rodríguez reiteró su reclamo de que tenía derecho a recibir el beneficio por muerte de la mitad de la pensión de retiro que recibía su esposa, conforme a lo dispuesto en el Artículo 4.8(c) de la Ley Núm. 160-2013, *infra,* basado en que este era un derecho adquirido en virtud del Artículo 35 de la Ley Núm. 91 de 29 de marzo de 2004, *infra*; y que la Ley Núm. 160-2013, *infra,* no afectó retroactivamente los derechos de aquellos participantes que al 31 de julio de 2014 eran elegibles para retirarse y recibir alguna pensión bajo la Ley Núm. 91 de 29 de marzo de 2004, *infra.*

El 3 de agosto de 2023, la Junta de Retiro presentó su *Contestación a Apelación y Moción de Desestimación de Cosa Juzgada.*[8]

El 17 de agosto de 2023, la Oficial Examinadora emitió una *Orden* declarando No Ha Lugar la solicitud de desestimación por cosa juzgada presentada por la Junta de Retiro.[9]

---

[7] Apéndice IX del recurso de revisión, págs. 37-48.
[8] Apéndice X del recurso de revisión, págs. 49-57.
[9] Apéndice XIII del recurso de revisión, págs. 73-74.

El 13 de octubre de 2023, las partes presentaron una *Moción Informativa Conjunta,* en la cual expresaron que habían acordado someter el caso para adjudicación sin la celebración de una vista evidenciaria tras haber estipulado los hechos del caso que estaban en controversia por limitarse la controversia a un asunto de estricto derecho.[10]

Finalmente, el 18 de enero de 2024, notificada a las partes el 23 de enero de 2024, la Junta de Retiro emitió la *Resolución* recurrida confirmando la determinación emitida el 15 de junio de 2023 por la Directora del Área de Servicios de Retiro.[11] En el dictamen, se concluyó y resolvió que la determinación apelada:

> "[...] [F]ue basada en la aplicación del Artículo 5.11, de la Ley 160-2013, consta en el expediente administrativo un formulario **debidamente** cumplimentado titulado Designación de Beneficiarios, atestado en vida por la participante el 7 de junio de 2016, en la cual designa sus beneficiarios y su porcentaje de adjudicación a **Sharon L. Meléndez González (1/4), Lilliam H. Guevara González (1/4), Evelyn S. Guevara González (1/4), Raymond L. Guevara (1/8) y Antonio J. Jusino Rodríguez (1/8), conforme a lo tipificado en el Artículo 4.8 el inciso (g) y el Artículo 5.11 inciso (c) de la Ley Núm. 160-2013.** Por lo cual, el pago de los beneficios por defunción notificado el 15 de julio de 2023 por la Junta de Retiro a las personas nombradas por escrito en el formulario adoptado por el Sistema y atestado en vida por la participante el 7 de junio de 2016, es correcta en derecho.
>
> [...]
>
> Por otro lado, la parte Apelante no derrotó la presunción de regularidad y corrección que cobija la decisión aquí impugnada. Se trata de una determinación correcta, que está razonablemente sustentada por evidencia sustancial que obra en el expediente, por lo que debe ser respetada y sustentada *Asociación Vecinos del Hospital San Jorge v. United Medical Corporation,* supra, *Facultad de Ciencias Sociales Aplicadas, Inc. v. Consejo de Educación Superior,* 133 DPR 521 (1993).

---

[10] Apéndice XV del recurso de revisión, págs. 77-84.
[11] Apéndice XVI del recurso de revisión, págs. 85-99.

> En virtud de todo lo anterior, la decisión de la Junta de Retiro, a la luz de la prueba que tuvo ante sí y ante nosotros, es correcta en derecho y coincidimos con la misma.
>
> Analizada la prueba en el expediente administrativo y los planteamientos de las partes, luego de un examen desapasionado y minucioso de la totalidad del expediente y a la luz de las disposiciones legales, jurisprudenciales y reglamentarias antes citadas, consideradas las Determinaciones de Hechos y Conclusiones de Derecho antes presentadas, esta Junta de Retiro Ordena **CONFIRMAR** la decisión recurrida". (énfasis en el original).

Inconforme con la determinación anterior, el Sr. Jusino Rodríguez acudió ante nos el 12 de febrero de 2024 mediante el presente recurso de *Revisión de Decisión Administrativa*. Señala los errores siguientes:

> Erró la Junta de Retiro del Gobierno de Puerto Rico al ratificar la determinación administrativa que negó la pensión al recurrente aplicando el Artículo 5.11 de la Ley 160 del 24 de diciembre de 2013, en vez del Artículo 4.8 (c), tratándose del viudo de una pensionada del Sistema de Retiro de Maestros que siguió activa como maestra hasta 2018 aun cuando cumplía con todos los requisitos del retiro en 2013.
>
> Erró la Junta de Retiro del Gobierno de Puerto Rico al permitir la violación del debido proceso de ley, en menoscabo de derechos adquiridos, obviando la intención legislativa de la Ley Núm. 160 del 24 de diciembre de 2013 y el estado de derecho constitucional establecido por el Tribunal Supremo de Puerto Rico al evaluar esa ley en *AMPR et als. v. Sist. Retiro de Maestros*, 190 DPR 854 (2014).

El 15 de febrero de 2024, emitimos una *Resolución* concediéndole un término de quince (15) días a la Junta de Retiro para presentar su posición con respecto al recurso del Sr. Jusino Rodríguez y copia certificada del expediente administrativo.

En cumplimiento con lo ordenado, el 6 de marzo de 2024, la Junta de Retiro presentó *Alegato en Oposición de la Parte Recurrida* y una copia certificada del expediente administrativo del caso.

Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A.**

En lo referente al sistema de pensiones de nuestra clase magisterial, con la aprobación de la Ley Núm. 160-2013, según enmendada, conocida como *"Ley del Sistema de Retiro para Maestros del Estado Libre Asociado de Puerto Rico"*, 18 LPRA sec. 393 *et seq.*, el Estado pretendió realizar una reforma total del Sistema de Retiro para Maestros de Puerto Rico creado mediante la Ley Núm. 91 de 29 de marzo de 2004, según enmendada, conocida como *"Ley Orgánica para el Sistema de Retiro para Maestros del Estado Libre Asociado de Puerto Rico"*, 18 LPRA sec. 391 *et seq.* (derogada). Con esta reforma, el legislador pretendió armonizar dos (2) intereses de vital importancia: el primero, proveer a todo participante del Sistema de Retiro para Maestros un retiro digno; el segundo, garantizar la solvencia del sistema. Véase, Exposición de Motivos de la Ley Núm. 160-2013, *supra.*

La Ley Núm. 160-2013, *supra,* creó como medida principal un nuevo sistema de retiro para maestros compuesto por un Programa de Beneficios Definidos y un Programa de Aportaciones Definidas. Artículo 2.1 de la Ley Núm. 160-2013, *supra.* Además, se establecieron otros cambios que en conjunción tendrían el efecto de atender el déficit de flujo de caja anual y actuarial del Sistema y asegurar que este se mantuviera con suficientes fondos para continuar con el pago de pensiones. Véase, Exposición de Motivos de la Ley Núm. 160-2013, *supra.* Entre estos cambios, se modificaron las reglas para la compra de servicios no cotizados; se modificaron beneficios por defunción; se modificaron los

requisitos para la obtención de beneficios por parte del cónyuge supérstite; y se modificó el beneficio por incapacidad *Íd.*

El Capítulo 4 de la Ley Núm. 160-2013, *supra*, regula todo lo relacionado al Programa de Beneficios Definidos para Participantes en el Sistema de Retiro para Maestros al 31 de julio de 2014. En lo pertinente al caso ante nuestra consideración, el Artículo 4.8 de la Ley Núm. 160-2013, *supra*, establece, entre otras cosas, cómo se harán los pagos después del fallecimiento de un participante pensionado. Al respecto, este Artículo dispone lo siguiente:

> "(a) Al fallecer una persona que sea pensionado se le pagará su pensión completa por el mes en que ocurriere el fallecimiento, para que la disfruten sus beneficiarios. Además, se pagará una quincena adicional final luego del mes en que ocurriese el fallecimiento del pensionado, pero sus beneficiarios o herederos forzosos o legales de no haberse hecho una designación de beneficiarios, recibirán el balance de sus aportaciones siempre y cuando no existan derechos a recibir pensión como beneficiarios, después de deducir aportaciones pagadas, y en ningún caso recibirán menos de mil dólares ($1,000) dólares, en un solo pago. Este beneficio no será de aplicación a los beneficiarios, herederos forzosos o legales del pensionado fallecido que haya ingresado al Sistema a partir del 1 de agosto del 2014.
>
> (b) Cuando dicho pensionado dejase hijos matriculados en un programa regular de escuela pública, privada o institución de educación post-secundaria, sin aplicar lo concerniente a estudios a hijos incapacitados, o menores de seis (6) años de edad, estos continuarán percibiendo la mitad de la pensión distribuida entre dichos hijos por partes iguales. Dichos hijos cesarán de recibir la pensión cuando cumplan la edad de veintidós (22) años o, de ocurrir antes de esa fecha, cuando cesen de estar matriculados a tiempo completo en una institución educativa. La cantidad pagadera a cualquier hijo que cese de recibirla por este motivo acrecerá a los demás hijos por partes iguales. De haber hijos incapacitados, estos continuarán recibiendo la porción correspondiente a la primera distribución mientras dure la incapacidad. Al cumplir los seis (6) años de edad, al hijo o los hijos no incapacitados les aplicarán todas las disposiciones concernientes a estudios. La solicitud de anualidad para estos menores la presentará el padre o madre supérstite

que demuestre que tiene la patria potestad, un tutor legalmente nombrado por un tribunal de justicia o un tutor administrativo nombrado por la Agencia, y el pago de la anualidad para los menores se hará al padre o madre supérstite o al tutor.

(c) Cuando dicho pensionado dejare un viudo, este recibirá la mitad de dicha pensión.[12]
[…]".

Además, el Artículo 4.8 de la Ley Núm. 160-2013, *supra,* establece en lo pertinente, lo siguiente:

"[…]

(f) El derecho de pensión de un beneficiario termina automáticamente en la quincena en que ocurra su fallecimiento. Cualquier pago realizado posterior a esa fecha será devuelto al Fondo.

(g) Al fallecer un participante, se pagarán los beneficios por defunción a la(s) persona(s) que este hubiere nombrado por escrito en el formulario adoptado por el Sistema. Para que la designación de beneficiarios sea válida debe radicarse ante el Sistema en vida del participante.

---

[12] En cuanto a los pagos después del fallecimiento de un maestro, el Artículo 35 de la Ley 91 de 29 de marzo de 2004, supra, disponía lo siguiente:

"Al fallecer un maestro retirado, se le pagará su renta anual vitalicia completa por el mes en que ocurriere el fallecimiento, para que la disfruten sus beneficiarios. La renta anual vitalicia dejará de ser pagada desde la quincena siguiente en que ocurriera el fallecimiento del maestro retirado, pero sus beneficiarios o herederos forzosos o legales recibirán el balance de sus cuotas siempre y cuando no existan derechos a pagar pensión como beneficiarios, después de deducir las anualidades pagadas, y en ningún caso recibirán menos de quinientos (500) dólares, en un solo pago. Cuando el maestro dejase hijos matriculados en un programa regular de escuela pública, privada o colegio, sin aplicar lo concerniente a estudios a hijos incapacitados, o menores de seis (6). años de edad, éstos continuarán percibiendo la mitad de la renta anual vitalicia distribuida entre dichos hijos por partes iguales. A medida que vayan cumpliendo veintidós (22) años irá cesando el pago. De haber hijos incapacitados, éstos continuarán recibiendo, mientras dure la incapacidad, la porción correspondiente a la primera distribución. El pago del que cumple esta edad acrecerá el de los demás hijos. Al cumplir los seis (6) años de edad, al hijo o los hijos, no incapacitados, les aplicarán todas las disposiciones concernientes a estudios. La solicitud de anualidad para estos menores la presentará el padre o madre sobreviviente que demuestre que tiene la patria potestad, un tutor legalmente nombrado por un tribunal de justicia o un tutor administrativo nombrado por la Agencia, y el pago de la anualidad para los menores se hará al padre o madre sobreviviente o al tutor. Cuando el maestro dejare una viuda o la maestra un viudo, éste recibirá la mitad de dicha renta anual vitalicia retrotrayéndose esta disposición para cubrir a los viudos que no reciben este beneficio. Quedarán cubiertos por este beneficio las viudas y viudos de los maestros que se jubilaron con leyes anteriores al 1951, computándose dicho beneficio a base de la pensión que recibían al momento del fallecimiento".

(h) Los beneficiarios que al 31 de julio de 2014 reciban algún beneficio por fallecimiento de un pensionado, continuarán recibiendo los mismos sin alteración.

(i) Los pagos por defunción que correspondan a un participante que se pensione a partir del 1ro de agosto de 2014, se determinarán conforme a lo establecido en el Capítulo 5 de esta Ley."[13]

Por otra parte, el Capítulo 5 de la Ley Núm. 160-2013, *supra*, regula todo lo relacionada al Programa de Aportaciones Definidas. Véase el Artículo 5.1 de la Ley Núm. 160-2013, *supra*, al cual todos los participantes activos que eran parte de la matrícula del Sistema, independientemente de la fecha de su primer nombramiento original, pasaron a formar parte a partir del 1ro de agosto de 2014. Véase el Artículo 5.2 de la Ley Núm. 160-2013, *supra*.

En cuanto a los beneficios acumulados por los participantes del Sistema que comenzaron a trabajar antes del 1ro de agosto del 2014, el Artículo 5.3 de la Ley Núm. 160-2013, *supra*, dispone lo siguiente:

"(a) Al entrar en vigor esta Ley, se preservarán los beneficios de retiro acumulados de los participantes del Sistema que comenzaron a trabajar antes del 1ro de agosto del 2014, basado en los años de servicio acumulados y el salario promedio hasta esa fecha. Dichos beneficios acumulados se calcularán de acuerdo con el Capítulo 4 de esta ley.

(b) Aquellos participantes que al 31 de julio de 2014 tenían derecho a retirarse y recibir algún tipo de pensión bajo esta Ley, por haber cumplido con los requisitos de años de servicio y edad aquí dispuestos, podrán retirarse en cualquier fecha posterior y tendrán derecho a recibir la pensión que le corresponda, calculada bajo el Artículo 4.4 de esta Ley basado en los salarios y años de servicios acumulados hasta el 31 de julio de 2014, sumada a la cantidad que tuvieran derecho a recibir bajo el Programa de Aportaciones Definidas.

---

[13] Véase, además, el Diario de Sesiones de la Cámara de Representantes de Puerto Rico, Segunda Sesión Extraordinaria de la Decimoséptima Asamblea Legislativa, 21 de diciembre de 2013.

(c) A partir del 1ro de agosto de 2014, el participante no acumulará años de servicio adicionales para propósitos de determinar el salario promedio y computar una pensión bajo el Programa de Beneficios Definidos. El participante no recibirá reconocimiento por servicios no cotizados, ni podrá transferir aportaciones o devolver aportaciones sobre periodos trabajados antes del 31 de julio de 2014, excepto por aquellas excepciones expresamente establecidas en esta ley".

En cuanto a los beneficios por muerte, el Artículo 5.11 de la Ley Núm. 160-2013, *supra*, en lo pertinente, dispone lo siguiente:

"[...]

(c) *Muerte de un Pensionado.* —
(1) Reembolso de aportaciones individuales: En aquellos casos en que fallezca un pensionado sin antes haber agotado el balance de todas sus aportaciones individuales hechas al Programa de Aportaciones Definidas previo al momento de comenzar a recibir la pensión, sus beneficiarios designados ante el Sistema o los herederos del participante en caso de no existir beneficiario designado tendrán dos opciones:

(i) continuarán recibiendo los pagos mensuales de la pensión hasta que se agote dicho balance de las aportaciones realizadas por el pensionado mientras estuvo en servicio activo, o

(ii) podrán solicitar por escrito al Director Ejecutivo el desembolso de dicho balance en un pago global, sujeto a cualquier deducción correspondiente por ley. Si al momento del fallecimiento del pensionado, las aportaciones realizadas por dicho pensionado al Programa de Aportaciones Definidas previo al momento de comenzar a recibir la pensión, hubiesen sido agotadas por el pensionado mediante los pagos mensuales de pensión ya recibidos, se descontinuarán los pagos mensuales y sus beneficiarios y/o herederos no tendrán derecho a recibir pagos adicionales.

[...]."

En *AMPR et als. v. Sist. Retiro Maestros V*, 190 DPR 854 (2014), el Tribunal Supremo evaluó la validez constitucional de la Ley Núm. 160-2013, *supra*, y concluyó que sus Artículos 3.6, 3.9,

3.11, 4.3(a), 4.4, 4.6(a)(b)(c) y 5.1 a 5.5 eran inconstitucionales en la medida que menoscababan sustancialmente y de forma irrazonable el derecho contractual que tenían los peticionarios-demandantes en cuanto a su plan de retiro, conforme los términos de la Ley Núm. 91de 29 de marzo de 2004. Por otra parte, concluyó que era constitucional la Sección 2 de la Ley Núm. 160-2013, *supra*, que derogó las leyes especiales que concedían esas gracias legislativas que no formaban parte de la pensión y el Artículo 4.9 de esa misma ley que eliminó ciertos beneficios adicionales a los que se retiraran a partir del 1 de agosto de 2014. Por último, resolvió que los participantes que entraron a cotizar al Sistema con posterioridad a la aprobación de la Ley Núm. 160-2013, *supra*, tenían y tienen derecho solamente a la pensión que establece ese estatuto, por ser esta la obligación contractual que el Estado asumió con ese grupo de trabajadores. Con respecto a las gracias legislativas, el Tribunal Supremo concluyó lo siguiente:

> Conviene, entonces, enfatizar el alcance de nuestros pronunciamientos. La Ley Núm. 160-2013 elimina la aportación al plan de salud (hasta $100 al mes), el bono para medicamentos ($100 al año) y el aguinaldo de navidad ($600 al año) para quienes se jubilen a partir del 1 de agosto de 2014. Asimismo, elimina el bono de verano ($100) para todos los participantes. Además, reduce el aguinaldo de navidad de $600 a $200 a quienes se hayan jubilado antes del 1 de agosto de 2014. En Trinidad Hernández et al. v. E.L.A. et al., supra, pág. 839, esc. 2, dijimos que "los beneficios otorgados mediante las leyes especiales que la Reforma del Sistema de Retiro elimina no forman parte de su pensión". Véase, además, Domínguez Castro et al. v. E.L.A. I, supra, págs. 67-70. Por el contrario, concluimos que eran gracias legislativas que no crean un interés propietario. Además, al comparar el Art. 1-101 de la Ley Núm. 447 de 15 de mayo de 1951, según enmendado, conocida como la Ley de Retiro del Gobierno de Puerto Rico y sus Instrumentalidades, 3 LPRA sec. 761, con el Art. 3 de la Ley Núm. 91-2004, supra, 18 LPRA sec. 391a, notamos que la legislación habilitadora del SRM es diáfana en establecer que esos beneficios adicionales

no forman parte de la pensión. En su consecuencia, en el caso que nos atañe concluimos que es constitucional la Sec. 2 de la Ley Núm. 160-2013 que derogó las leyes especiales que concedían esas gracias legislativas que no forman parte de la pensión y el Art. 4.9 de esa misma ley que eliminó ciertos beneficios adicionales a los que se retiren a partir del 1 de agosto de 2014. *Íd.*, pág. 879.

**B.**

La revisión judicial de las decisiones administrativas tiene como fin delimitar la discreción de los organismos administrativos, para asegurar que ejerzan sus funciones conforme la ley y de forma razonable. *Unlimited v. Mun. de Guaynabo*, 183 DPR 947, 965 (2011); *Empresas Ferrer v. A.R.Pe.*, 172 DPR 254, 264 (2007). A esos efectos, la revisión judicial comprende tres aspectos: la concesión del remedio apropiado, la revisión de las determinaciones de hecho conforme al criterio de evidencia sustancial, y la revisión completa de las conclusiones de derecho. *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 217 (2012), citando a *Asoc. Fcias v. Caribe Specialty et al.* II, 179 DPR 923, 940 (2010).

Nuestro Tribunal Supremo ha establecido que las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Batista, Nobbe v. Jta. Directores, supra*, pág. 216, citando a *Pereira Suárez v. Jta. Dir Cond.*, 182 DPR 485, 511-512 (2011). La evidencia sustancial es "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Íd.,* citando a *Pereira Suárez v. Jta. Dir Cond., supra.* Dicho análisis requiere que la evidencia sea considerada en su totalidad, esto es, tanto la que sostenga la decisión administrativa como la que menoscabe el peso que la

agencia le haya conferido. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 DPR 425, 437 (1997).

Debido a la presunción de regularidad y corrección de los procedimientos y las decisiones de las agencias administrativas, quien alegue ausencia de evidencia sustancial tendrá que presentar prueba suficiente para derrotar esta presunción, no pudiendo descansar en meras alegaciones. *Pacheco v. Estancias*, 160 DPR 409, 431 (2003). Para ello, deberá demostrar que existe otra prueba en el expediente, que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. *Gutiérrez Vázquez v. Hernández y otros*, 172 DPR 232, 245 (2007).

Si la parte afectada no demuestra la existencia de otra prueba que sostenga que la actuación de la agencia no está basada en evidencia sustancial o que reduzca o menoscabe el valor de la evidencia impugnada, el tribunal respetará las determinaciones de hecho y no sustituirá el criterio de la agencia por el suyo. *Otero v. Toyota,* 163 DPR 716, 728 (2005). En cambio, las conclusiones de derecho son revisables en todos sus aspectos. *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 894 (2008). De esta manera, los tribunales, al realizar su función revisora, están compelidos a considerar la especialización y la experiencia de la agencia con respecto a las leyes y reglamentos que administra. *Asoc. Vec. de H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75-76 (2000). Así pues, si el punto de derecho no conlleva interpretación dentro del marco de la especialidad de la

agencia, entonces el mismo es revisable sin limitación. *Rivera v. A & C Development Corp.*, 144 DPR 450, 461 (1997).

Sin embargo, aun cuando el tribunal tiene facultad para revisar en todos sus aspectos las conclusiones de derecho de una agencia, se ha establecido que ello no implica que los tribunales revisores tienen la libertad absoluta para descartarlas libremente. *López Borges v. Adm. Corrección*, 185 DPR 603, 626 (2012); *Federation des Ind. v. Ebel*, 172 DPR 615, 648 (2007).

**III**

En su recurso de revisión, el Sr. Jusino Rodríguez señala que erró la Junta de Retiro al denegar su solicitud de beneficio por muerte de una pensión por viudez. Alega que tiene derecho a recibir la mitad de pensión que recibía su esposa, según lo dispuesto en el Artículo 4.8 (c) de la Ley Núm. 160-2013, *supra*. Argumenta que dicho derecho, reconocido en el Artículo 35 de la derogada Ley Núm. 91 de 29 de marzo de 2004, *supra*, quedó preservado en la Ley Núm. 160-2013, *supra*; y que, tratándose de una pensionada que al 31 de julio de 2014 tenía derecho a retirarse y recibir algún tipo de pensión bajo la Ley Núm. 91 de 29 de marzo de 2004, *supra*, los pagos por defunción no se debieron determinar conforme a lo establecido en el Artículo 5.11 de la Ley Núm. 160-2013, *supra*.

El Sr. Jusino Rodríguez añade que erró la Junta de Retiro además "al permitir la violación del debido proceso de ley, en menoscabo de derechos adquiridos, obviando la intención legislativa de la Ley Núm. 160 del 24 de diciembre de 2013 y el estado de derecho constitucional establecido por el Tribunal Supremo de Puerto Rico al evaluar esa ley en *AMPR et als. v. Sist. Retiro de Maestros*, 190 DPR 854 (2014)".

Por su parte, la Junta de Retiro sostiene en su alegato en oposición, que el Artículo 4.8(c) de la Ley Núm. 160-2013, *supra,* "solo le es aplicable para aquellos viudos de pensionados que estaban recibiendo un beneficio de pensión en o antes del 31 de julio de 2014; y que, a todos los demás, "le es aplicables las disposiciones del Art. 5.11".

Al realizar un análisis de una ley, los tribunales debemos armonizar, hasta donde sea posible, todas sus disposiciones con el propósito de lograr una interpretación integrada, lógica y razonable de la intención legislativa. *Natal Albelo v. Romero Lugo y otros,* 206 DPR 465 (2021). Uno de los principios medulares en la interpretación de la ley establece que cuando la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu. *Íd.* En aras de cumplir con este principio, el primer paso que los tribunales debemos llevar a cabo al interpretar un estatuto es remitirnos al texto de la ley, puesto que, cuando el Legislador se ha manifestado en un lenguaje claro e inequívoco, el texto de la ley representa la expresión por excelencia de la intención legislativa. *Íd.*

Analizada la Ley Núm. 160-2013, *supra,* concluimos que sus medidas principales iban dirigidas a los planes de retiro de participantes que al 31 de julio de 2014 no cumplían con los requisitos para acogerse al retiro. Por otra parte, las pensiones que recibían los participantes que se habían retirado del servicio y las de los participantes que cumplían con los requisitos para retirarse al 31 de julio de 2014, no estaban sujetas a cambios, pues eran derechos adquiridos.

Sabido es que la potestad de la Asamblea Legislativa está limitada por algunas disposiciones constitucionales que impiden expresamente menoscabar algún interés propietario o derecho adquirido protegido por el debido proceso de ley sustantivo. Véase, *AMPR et als. v. Sist. Retiro Maestros*, supra.

Ahora bien, los beneficios como la pensión por viudez no alcanzan la jerarquía de derechos adquiridos. Del análisis de las disposiciones de la Ley Núm. 160-2013, *supra*, podemos colegir que este beneficio que fue establecido en el Artículo 35 de la Ley Núm. 91 de 29 de marzo de 2004, *supra*, se eliminó tanto para los participantes que al 31 de julio de 2014 no cumplían con los requisitos para acogerse al retiro como para los que sí cumplían, pero pospusieron su retiro y continuaron en el servicio. La protección del beneficio de estos participantes no fue la misma que recibió el participante que disfrutaba de una pensión al producirse el cambio legislativo.

Por lo tanto, luego de analizar el Artículo 4.8(c) en armonía con las demás disposiciones de la Ley Núm. 160-2013, *supra*, concluimos que este aplica a participantes pensionados al 31 de julio de 2014. Es decir, a maestros y empleados que se habían retirado del servicio y recibían una pensión del Sistema al momento de entrar en vigor las disposiciones de la Ley Núm. 160-2013, *supra*.

A pesar de que para esa fecha la Sra. Lilliam González Ortiz cumplía con los requisitos para retirarse y recibir algún tipo de pensión bajo la Ley Núm. 91 de 29 de marzo de 2004, *supra*, esta pospuso su retiro y continuó en el servicio.

Por todo lo cual, determinamos que no procedía en derecho la solicitud del Sr. Jusino Rodríguez de una pensión por viudez.

El pago de los beneficios por muerte efectuado por la Junta de Retiro a los beneficiarios designados expresamente por la Sra. Lilliam González Ortiz y sus porcentajes se hizo en este caso conforme a derecho.

**IV**

Por los fundamentos expuesto, se confirma la *Resolución* recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones